## HOGLUND *v.* LANE.

---

PUBLIC LANDS; MANDAMUS.

Sec. 7 of the act of Congress of March 3, 1891 (26 Stat. at L. 1095, chap. 561, Comp. Stat. 1913, sec. 5116), known as the public land act, which provides that if after the lapse of two years from the date of the issuance of the receiver's receipt upon a final entry of land under the homestead, timber-culture, desert-land, or pre-emption laws, or under the public land act itself, there is no pending contest or protest against the validity of such entry, the entryman shall be entitled to a patent, is jurisdictional in its operation, and fixes a limit of time beyond which the Secretary of the Interior is without jurisdiction to question the right of an entryman to his patent; and a contest or protest within the meaning of the section means some proceeding which is sufficient in itself to place the entryman on his defense or to require of him a showing of material fact when served with a notice thereof. After the expiration of such two-year period of limitation, without such protest or contest, if the Secretary of the Interior refuses to deliver the entryman a patent, he may be compelled to do so by mandamus as he has no discretionary power in the premises, and there remains nothing to be done but the mere ministerial act of issuing the patent.

No. 2875. Submitted December 6, 1915. Decided January 3, 1916.

HEARING on an appeal by the petitioner from a judgment of the Supreme Court of the District of Columbia, dismissing a

petition for the writ of mandamus to compel the Secretary of
the Interior to issue the petitioner a patent for public land.

*Reversed.*

The facts are stated in the opinion.

*Mr. B. E. Hinton* and *Mr. F. W. Clements* for the appel-
lant.

*Mr. Preston C. West* and *Mr. C. Edward Wright* for the
appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This appeal is from a judgment of the supreme court of the
District of Columbia dismissing the petition of appellant for
a writ of mandamus to compel defendant, Franklin K. Lane,
the Secretary of the Interior of the United States, to issue him
a patent for land.

The petitioner, Svan Hoglund, on July 26, 1902, made a
homestead entry for 160 acres of the public lands of the United
States. The entry was accepted, and on August 6, 1907, he
made final proof and a final certificate was duly issued to him.

On May 6, 1905, the President, under authority of the pub-
lic land act of March 3, 1891 (26 Stat. at L. 1095, chap. 561,
Comp. Stat. 1913, sec. 5116), issued a proclamation creating the
Klamath National Forest, which embraced within its limits the
land entered by petitioner. The Secretary of the Interior, by
decision of April 20, 1915, held that petitioner, prior to the
date of the creation of the forest reservation, had not complied
with the provisions of the homestead law, and therefore his land
was embraced within the withdrawal of the proclamation.

If the Department at the date of this decision had jurisdiction
of this case, the construction placed upon the statute and proc-
lamation, being a matter within the discretion of the Secretary,
would be conclusive of review in this proceeding. *United States
ex rel. Ness* v. *Fisher,* 223 U. S. 683, 56 L. ed. 610, 32 Sup.
Ct. Rep. 356. But the jurisdiction of the Secretary is assailed

on the ground that more than two years elapsed after the issuance of the final certificate before any protest or contest against the validity of petitioner's entry was made. It is contended that the case falls within the proviso to sec. 7 of the public land act aforesaid, which provides as follows: "That whenever it shall appear to the Commissioner of the General Land Office that a clerical error has been committed in the entry of any of the public lands, such entry may be suspended, upon proper notification to the claimant, through the local land office, until the error has been corrected; and all entries made under the pre-emption, homestead, desert-land, or timber-culture laws, in which final proof and payment may have been made and certificates issued, and to which there are no adverse claims originating prior to final entry, and which have been sold or encumbered prior to the first day of March, eighteen hundred and eighty-eight, and after final entry, to bona fide purchasers, or encumbrancers, for a valuable consideration, shall unless, upon an investigation by a government agent, fraud on the part of the purchaser has been found, be confirmed and patented upon presentation of satisfactory proof to the Land Department of such sale or encumbrance: *Provided,* That after the lapse of two years from the date of the issuance of the receiver's receipt upon the final entry of any tract of land under the homestead, timber-culture, desert-land, or pre-emption laws, or under this act, and when there shall be no pending contest or protest against the validity of such entry, the entryman shall be entitled to a patent conveying the land by him entered, and the same shall be issued to him; but this proviso shall not be construed to require the delay of two years from the date of said entry before the issuing of a patent therefor."

It is clear that the above proviso is jurisdictional in its operation, and fixes a limitation beyond which the Secretary is without jurisdiction to question the right of an entryman to his patent. We are not estopped to construe the act by a departmental construction of it in this case. It is urged by counsel for the government that it is merely a statute of limitations, and the petitioner waived its benefit by failing to take timely advantage

of it. It is not a mere statute of limitations, which relates to and affects procedure, and could therefore be waived. It is a statute of repose affecting and settling the title to real estate. It establishes a limitation within which the government or a private individual may by protest or contest challenge the title of an entryman. When the time expires, the right ceases. If there is any waiver here, it is on the part of the government, and not the entryman.

It appears that within the two-year limitation, a deputy forest supervisor reported to the Department, on what seems to be a blank form used in making reports respecting land entries, recommending that "this claim should be canceled on account of nonresidence and lack of cultivation." No action was taken upon this report until April 19, 1910, almost three years after the receiver's final receipt had been issued, when the Commissioner of the General Land Office ordered proceedings against the entry, in pursuance of which petitioner was notified on May 5, 1910, by the land officers, that charges had been filed questioning his compliance with the provisions of the homestead law in matter of residence. Indeed, no formal action by way of protest or contest was ever taken by the government in this case.

This brings us to the construction of the act. By its express terms one of the grounds upon which an entryman's title may be assailed within the two-year limit is when an adverse claim originates prior to the final entry. The claim of the government that this land was embraced in the forest reserve is nothing if it is not adverse. Therefore its successful assertion could only be accomplished within the limitations of the act.

The mere report of the deputy forest supervisor is not sufficient to constitute a legal protest or contest. Before the government can bring itself within the act, some affirmative action must be taken by the Department which formally challenges the entryman's right, and of which he has full notice, with opportunity to answer and be heard. We think the interpretation given the act by the First Assistant Secretary of the Interior in the case of *Re Harris,* 42 Land Dec. 611, is correct,

and, since the construction comes from an officer with initial jurisdiction to pass upon the act, we feel it our duty, when consistent, to give it our approval.   In the Harris decision, after an elaborate review of the reasons which impelled Congress to place this limitation in the act, the Assistant Secretary said:   "Upon mature consideration, the Department is convinced that a contest or protest, to defeat the confirmatory effect of the proviso, must be a proceeding sufficient in itself to place the entryman on his defense or to require of him a showing of material fact when served with notice thereof; and, in conformity with the well-established practice of the Department, such a proceeding will be considered as pending from the moment at which the affidavit is filed, in the case of a private contest or protest, or upon which the Commissioner of the General Land Office, on behalf of the government, requires something to be done by the entryman, or directs a hearing upon a specific charge."

· Clearly, nothing was done by the Department in the present case to bring it within its own interpretation of the act.   Such a step was essential to enable the government to retain jurisdiction to question the regularity of petitioner's conduct prior to final proof.   The two-year period having elapsed, the law settled petitioner's title so far as the Land Department is concerned.   Hence nothing remains to be done but the mere ministerial act of issuing a patent.

The judgment is reversed, and the cause is remanded, with instructions to issue the writ of mandamus, as prayed in the petition.                    *Reversed and remanded.*

A petition for the issuance of a writ of error to remove the cause to the Supreme Court of the United States, was granted and the writ was issued January 22, 1916.